No. 115

N. Y. LIFE INS. CO. v. SNYDER

Ohio Appeals, 5th Dist., Richland Co.

No. 269. Decided Dec. 31, 1926

· 954. PRIVILEGED COMMUNICATIONS— A clause in a life insurance policy which waives the rights of the insured as ·to privileged communications (11494 GC.) between patient and physician is void as against public policy.

First Publication of this Opinion

HOUCK, J.

George L. Snyder signed his application for $2000 life insurance to the N. Y. Life Insurance Co. Anna Snyder, his wife, was made beneficiary. Snyder was examined by the Company doctor and thereafter a policy was issued and two premiums paid when Snyder died.

Anna Snyder commenced her action in the Richland Common Pleas against the company to recover upon the policy. The Company admitted all the facts as alleged but set up a defense that Snyder had made false representations to the company's doctor relative to his physical condition and that at the time the policy was issued he was suffering from stomach trouble from which disease he died, he knowing at the time, of his malady, having consulted another physician between the time of application and issuance of the policy.

On the trial of the case a verdict was directed for Snyder over the objection of the company's attorney who offered a clause of the insurance policy to be incorporated in a special request to charge the jury. This clause read:

"I expressly waive, on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician or other person who has heretofore attended or examined me, from disclosing any knowledge or information which he thereby acquired."

Upon the facts as stated, the Court of Appeals held:

1. The principal question involved is whether the waiver stated supra was against public policy and in derogation of the provisions of 11494 GC., which statute relates to privileged communications and prevents a communication between patient and doctor.

2. It is not the policy of the law to permit a contractual relationship to set aside and hold for naught a statutory provision, save where such statute clearly authorizes it may be done, which does not appear in this case.

3. It must be admitted that a statute, which effects the rights of parties to a contract becomes a part of it as though written therein. 2 OS. 21; 63 OS. 101; 27 O. C. A. 396.

4. In determining whether or not a contract is contrary to public policy, its terms and purpose must be measured, not alone by their seeming tendency, but the object and intention of the parties and their surroundings at the time the contract was entered into.

5. As to a contract between insurer and insured the above rules are equally to be applied, and such contract must be within the law and not against public policy as we find this one to be.

Judgment affirmed.

(Shields and Lemert, JJ., concur.)

Attorneys—Wm. E. McWeldon for Company; C. H. Henkel for Snyder; both of Mansfield.